**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DIGNITY HEALTH d/b/a ST. BERNARDINE MEDICAL CENTER; MARIAN REGIONAL MEDICAL CENTER; CALIFORNIA HOSPITAL MEDICAL CENTER; MERCY MEDICAL CENTER MOUNT SHASTA; and MERCY MEDICAL CENTER REDDING, | Civil Action No.: 2:23-cv-00649-PLD<br><br>Magistrate Judge Patricia L. Dodge |
| Plaintiffs, | |
| v. | |
| HIGHMARK BLUE CROSS BLUE SHIELD, | |
| Defendant. | |

**DEFENDANT HIGHMARK INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED
COMPLAINT**

Defendant, Highmark Inc. ("**Highmark**"), files the following Answer to Plaintiffs' (collectively, "**Dignity Health**") First Amended Complaint and in support thereof avers as follows:

1.      The allegations of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, the allegations are admitted in part and denied in part. Highmark admits that Dignity Health asserts counts of breach of implied-in-fact contract and quantum meruit in this action. Highmark denies that Dignity Health's breach of implied-in-fact contract and/or quantum meruit claims have any legal or factual merit and further denies that Dignity Health is entitled to any relief.

2.      The allegations of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, the allegations are admitted in part and denied in part. Highmark admits that Dignity Health's First Amended Complaint purports to seek

1

compensatory damages, interest and costs. Highmark Denies that Dignity Health is entitled to any relief.

3.      After reasonable investigation, Highmark lacks sufficient knowledge or information to form a belief as to the truth of the averments stated in this paragraph, and therefore denies the same and demands strict proof thereof at trial.

4.      Denied as stated. By way of further response, Highmark is a non-profit hospital plan and professional health services plan corporation. The allegation that Highmark "conducts business in all counties in Pennsylvania" is vague and ambiguous and therefore is denied on that basis.

5.      Admitted in part and denied in part. Highmark admits that it has transacted business in the Commonwealth of Pennsylvania. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, Highmark denies the allegations.

6.      Admitted in part and denied in part. Highmark admits that this action was originally filed in the Court of Common Pleas of Allegheny County. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, Highmark denies the allegations.

7.      Admitted in part and denied in part. Highmark admits that on April 20, 2023, it removed this action to the United States District Court for the Western District of Pennsylvania pursuant to federal question jurisdiction. The remaining allegations of this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, Highmark denies the allegations.

8.     After reasonable investigation, Highmark lacks sufficient knowledge or information to form a belief as to the truth of the averments stated in this paragraph, and therefore denies the same and demands strict proof thereof at trial. By way of further response, the allegations of this paragraph purport to reference a written document, which as whole, speaks for itself. Highmark denies any attempt to mischaracterize the written document, or draw impermissible legal conclusions from them. Additionally, Highmark lacks sufficient knowledge or information to form a belief as to the truth of the averments pertaining to any purported contractual obligations regarding the medical treatment of "certain beneficiaries of non-BSC health plans," and therefore denies the same and demands strict proof thereof at trial.

9.     After reasonable investigation, Highmark lacks sufficient knowledge or information to form a belief as to the truth of the averments stated in this paragraph, and therefore denies the same and demands strict proof thereof at trial. By way of further response, the allegations of this paragraph purport to reference a written document, which as whole, speaks for itself. Highmark denies any attempt to mischaracterize the written document, or draw impermissible legal conclusions from it. Additionally, Highmark lacks sufficient knowledge or information to form a belief as to the truth of the averments pertaining to any purported contractual obligations regarding the medical treatment of "Highmark's beneficiaries," or the terms of payment for said medical treatment, and therefore denies the same and demands strict proof thereof at trial.

10.     After reasonable investigation, Highmark lacks sufficient knowledge or information to form a belief as to the truth of the averments stated in this paragraph, and therefore denies the same and demands strict proof thereof at trial. By way of further response, the "medical

necessity" of any services purportedly rendered are conclusions of law to which no response is required. To the extent that a response is required, Highmark denies the allegations.

11.    After reasonable investigation, Highmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Dignity Health's information and belief, and therefore denies the same and demands strict proof thereof at trial. By way of further response, the extent to which any purported treatment was "medically necessary" and/or was Highmark's financial responsibility is a conclusion of law to which no response is required. To the extent that a response is required, Highmark denies the allegations.

12.    The allegations of this paragraph purport to reference communications or written documents, which as whole, speak for themselves. Highmark denies any attempt to mischaracterize the communications or written documents, or draw impermissible legal conclusions from them. To the extent any remaining allegations in this paragraph require a response, Highmark denies those allegations.

13.    After reasonable investigation, Highmark lacks sufficient knowledge or information to form a belief as to the truth of the averments stated in this paragraph, and therefore denies the same and demands strict proof thereof at trial. By way of further response, the extent to which the purported rendering of any services, supplies, and/or equipment were "medically necessary" is a conclusion of law to which no response is required. To the extent that a response may be required, Highmark denies the allegations.

14.    After reasonable investigation, Highmark lacks sufficient knowledge or information to form a belief as to the truth of the averments stated in this paragraph, and therefore denies the same and demands strict proof thereof at trial. By way of further response, the charges that Dignity Health considers to be "usual and customary," and the "medical necessity" of any

services purportedly rendered, are conclusions of law to which no response is required. To the extent a response is required, Highmark lacks sufficient knowledge or information to form a belief as to the truth of the averments pertaining to what Dignity Health considers to be "usual and customary," and therefore denies the same and demands strict proof thereof at trial. Moreover, the appropriate amount of reimbursement to Dignity Health for any claim is governed by the patient's benefits plan, which speaks for itself as a written document. Highmark denies any attempt to mischaracterize the benefits plan, or draw impermissible legal conclusions from it.

15.     After reasonable investigation, Highmark lacks sufficient knowledge or information to form a belief as to the truth of the averments stated in this paragraph, and therefore denies the same and demands strict proof thereof at trial. By way of further response, the extent to which Dignity Health "timely and properly" submitted the bills containing the purported charges is a conclusion of law to which no response is required. Additionally, the extent to which the purported rendering of any services, supplies, and/or equipment was "medically necessary" is also a conclusion of law to which no response is required. To the extent that a response may be required, Highmark denies the allegations.

16.     Denied. By way of further response, the appropriate amount of reimbursement to Dignity Health for any purported rendering of services, supplies and/or equipment is governed by the patient's benefits plan, which speaks for itself as a written document. Highmark denies any attempt to mischaracterize the benefits plan, or draw impermissible legal conclusions from it. Additionally, Highmark denies that it had any legal obligation to pay any amounts at issue in this lawsuit.

17.     Denied.

18.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, Highmark denies the allegations. Highmark denies that Dignity Health is entitled to relief.

### COUNT I – BREACH OF IMPLED-IN-FACT CONTRACT

19.     This paragraph is an incorporation paragraph to which no response is required.

20.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, Highmark denies the allegations. After reasonable investigation, Highmark lacks sufficient knowledge or information to form a belief as to the truth of the averments relating to any specific terms or obligations under any purported contract between Dignity Health and BSC, and therefore denies the same and demands strict proof thereof at trial. By way of further response, Highmark admits that it never signed, nor is obligated, under any purported contract between Dignity Health and BSC. Additionally, Dignity Health purports to reference a written document, which as whole, speaks for itself. Highmark denies any attempt to mischaracterize the document or draw any impermissible legal conclusions from it. To the extent any remaining allegations in this paragraph require a response, Highmark denies those allegations.

21.     After reasonable investigation, Highmark lacks sufficient knowledge or information to form a belief as to the truth of the averments stated in this paragraph regarding what presenting a "Blue Card program identification card" "signaled" to Dignity Health, and therefore denies the same and demands strict proof thereof at trial. By way of further response, the allegations of this paragraph purport to reference a written document, which as whole, speaks for itself. Highmark denies any attempt to mischaracterize the document or draw any impermissible legal conclusions from it. Moreover, the allegations relating to "tak[ing] advantage" of any purported medical treatment and discounted rates are vague and ambiguous and therefore are

denied on that basis. Additionally, the appropriate amount of reimbursement to Dignity Health for any claim is governed by the patient's benefits plan, which speaks for itself as a written document. Highmark denies any attempt to mischaracterize the benefits plan, or draw impermissible legal conclusions from it. The allegations relating to any purported duties that Dignity Health owed to BSC are conclusions of law to which no response is required. To the extent that a response is required, Highmark denies the allegations.

22.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, Highmark denies the allegations.

23.     After reasonable investigation, Highmark lacks sufficient knowledge or information to form a belief as to the truth of the averments stated in this paragraph, and therefore denies the same and demands strict proof thereof at trial.

24.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, Highmark denies the allegations. By way of further response, Dignity Health purports to reference a written document, which as whole, speaks for itself. Highmark denies any attempt to mischaracterize the document or draw any impermissible legal conclusions from it. Additionally, the appropriate amount of reimbursement to Dignity Health for any claim is governed by the patient's benefits plan, which speaks for itself as a written document. Highmark denies any attempt to mischaracterize the benefits plan, or draw impermissible legal conclusions from it.

25.     The allegations of this paragraph regarding the charges that Dignity Health considers to be "usual and customary," and the "medical necessity" of any services purportedly rendered, are conclusions of law to which no response is required. To the extent a response is required, Highmark lacks sufficient knowledge or information to form a belief as to the truth of

the averments pertaining to what Dignity Health considers to be "usual and customary," and therefore denies the same and demands strict proof thereof at trial. By way of further response, Dignity Health purports to reference a written document, which as whole, speaks for itself. Highmark denies any attempt to mischaracterize the document or draw any impermissible legal conclusions from it. Moreover, the appropriate amount of reimbursement to Dignity Health for any claim is governed by the patient's benefits plan, which speaks for itself as a written document. Highmark denies any attempt to mischaracterize the benefits plan, or draw impermissible legal conclusions from it. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, Highmark denies the allegations. Highmark denies that Dignity Health is entitled to relief.

26.     Admitted in part and denied in part. Highmark admits that no express written contract exists between it and Dignity Health. After reasonable investigation, Highmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Dignity Health performed services gratuitously, and therefore denies the same and demands strict proof thereof at trial.  By way of further response, Dignity Health purports to reference a written document, which as whole, speaks for itself. Highmark denies any attempt to mischaracterize the document or draw any impermissible legal conclusions from it. Additionally, the appropriate amount of reimbursement to Dignity Health for any claim is governed by the patient's benefits plan, which speaks for itself as a written document. Highmark denies any attempt to mischaracterize the benefits plan, or draw impermissible legal conclusions from it. The remaining allegations of this paragraph are denied as legal conclusions.

27.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, Highmark denies the allegations. By way of

further response, Dignity Health purports to reference a written document, which as whole, speaks for itself. Highmark denies any attempt to mischaracterize the document or draw any impermissible legal conclusions from it. Additionally, the appropriate amount of reimbursement to Dignity Health for any claim is governed by the patient's benefits plan, which speaks for itself as a written document. Highmark denies any attempt to mischaracterize the benefits plan, or draw impermissible legal conclusions from it.

28.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, Highmark denies the allegations. By way of further response, the allegations of this paragraph purport to reference communications or written documents, which as whole, speak for themselves. Highmark denies any attempt to mischaracterize the communications or written documents, or draw impermissible legal conclusions from them. Moreover, the appropriate amount of reimbursement to Dignity Health for any claim is governed by the patient's benefits plan, which speaks for itself as a written document. Highmark denies any attempt to mischaracterize the benefits plan, or draw impermissible legal conclusions from it. To the extent any remaining allegations in this paragraph require a response, Highmark denies those allegations.

29.     Admitted in part and denied in part. Highmark admits that it maintained that certain services purportedly provided by Dignity Health were not medically necessary. By way of further response, the allegations of this paragraph regarding the "medical necessity" of any services purportedly rendered are conclusions of law to which no response is required. To the extent that a response is required, Highmark denies the allegations. Additionally, the allegations of this paragraph purport to reference a written document, which as whole, speaks for itself. Highmark denies any attempt to mischaracterize the written document, or draw impermissible legal

conclusions from it. Moreover, the appropriate amount of reimbursement to Dignity Health for any claim is governed by the patient's benefits plan, which speaks for itself as a written document. Highmark denies any attempt to mischaracterize the benefits plan, or draw impermissible legal conclusions from it.

30.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, Highmark denies the allegations. By way of further response, the allegations of this paragraph and each of its subparts purport to reference communications or written documents, which as whole, speak for themselves. Highmark denies any attempt to mischaracterize the communications or written documents, or draw impermissible legal conclusions from them. Moreover, the appropriate amount of reimbursement to Dignity Health for any claim is governed by the patient's benefits plan, which speaks for itself as a written document. Highmark denies any attempt to mischaracterize the benefits plan, or draw impermissible legal conclusions from it.

31.     Because Dignity Health has not specified the claims that Highmark allegedly paid over the last five years, Highmark lacks sufficient knowledge or information to form a belief as to the truth of the averments stated in this paragraph, and therefore denies the same and demands strict proof thereof at trial. By way of further response, the appropriate amount of reimbursement to Dignity Health for any claim is governed by the patient's benefits plan, which speaks for itself as a written document. Highmark denies any attempt to mischaracterize the benefits plan, or draw impermissible legal conclusions from it. To the extent any remaining allegations in this paragraph require a response, Highmark denies those allegations.

32.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, Highmark denies the allegations. By way of

further response, the allegations of this paragraph purport to reference a written document, which as whole, speaks for itself. Highmark denies any attempt to mischaracterize the written document, or draw impermissible legal conclusions from them. Moreover, the appropriate amount of reimbursement to Dignity Health for any claim is governed by the patient's benefits plan, which speaks for itself as a written document. Highmark denies any attempt to mischaracterize the benefits plan, or draw impermissible legal conclusions from it. To the extent any remaining allegations in this paragraph require a response, Highmark denies those allegations.

33.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, Highmark denies the allegations.

34.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, Highmark denies the allegations. By way of further response, the procedures for properly submitting claims are governed by written documents, which as whole, speak for themselves. Highmark denies any attempt to mischaracterize the written documents, or draw impermissible legal conclusions from them. Moreover, the appropriate amount of reimbursement to Dignity Health for any claim is governed by the patient's benefits plan, which also speaks for itself as a written document. Highmark denies any attempt to mischaracterize the benefits plan, or draw impermissible legal conclusions from it.

35.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, Highmark denies the allegations. Highmark denies that Dignity Health is entitled to relief.

36.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, Highmark denies the allegations.

37.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, Highmark denies the allegations.

38.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, Highmark denies the allegations. Highmark denies that Dignity Health is entitled to relief.

## COUNT II – QUANTUM MERUIT

39.     This paragraph is an incorporation paragraph to which no response is required.

40.     After reasonable investigation, Highmark lacks sufficient knowledge or information to form a belief as to the truth of the averments regarding the purported dates of service set forth in Plaintiffs' Exhibit A, and therefore denies the same and demands strict proof thereof at trial. By way of further response, the extent to which any purported treatments were "emergency and/or medically necessary" are conclusions of law to which no response is required. To the extent that a response is required, Highmark denies the allegations.

41.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, Highmark denies the allegations. Highmark denies that Dignity Health is entitled to relief.

42.     After reasonable investigation, Highmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Dignity Health performed services gratuitously, and therefore denies the same and demands strict proof thereof at trial. By way of further response, the appropriate amount of reimbursement to Dignity Health for any claim is governed by the patient's benefits plan, which speaks for itself as a written document. Highmark denies any attempt to mischaracterize the benefits plan, or draw impermissible legal conclusions from it. The remaining allegations of this paragraph are denied as legal conclusions.

43.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, Highmark denies the allegations. By way of further response, the appropriate amount of reimbursement to Dignity Health for any claim is governed by the patient's benefits plan, which speaks for itself as a written document. Highmark denies any attempt to mischaracterize the benefits plan, or draw impermissible legal conclusions from it.

44.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, Highmark denies the allegations. By way of further response, the allegations of this paragraph purport to reference communications or written documents, which as whole, speak for themselves. Highmark denies any attempt to mischaracterize the communications or written documents, or draw impermissible legal conclusions from them. Moreover, the appropriate amount of reimbursement to Dignity Health for any claim is governed by the patient's benefits plan, which speaks for itself as a written document. Highmark denies any attempt to mischaracterize the benefits plan, or draw impermissible legal conclusions from it.

45.     After reasonable investigation, Highmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Dignity Health performed services gratuitously, and therefore denies the same and demands strict proof thereof at trial.  By way of further response, the appropriate amount of reimbursement to Dignity Health for any claim is governed by the patient's benefits plan, which speaks for itself as a written document. Highmark denies any attempt to mischaracterize the benefits plan, or draw impermissible legal conclusions from it. To the extent any remaining allegations in this paragraph require a response, Highmark denies those allegations.

46.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, Highmark denies the allegations. By way of further response, the allegations of this paragraph and each of its subparts purport to reference communications or written documents, which as whole, speak for themselves. Highmark denies any attempt to mischaracterize the communications or written documents, or draw impermissible legal conclusions from them. Moreover, the appropriate amount of reimbursement to Dignity Health for any claim is governed by the patient's benefits plan, which speaks for itself as a written document. Highmark denies any attempt to mischaracterize the benefits plan, or draw impermissible legal conclusions from it. To the extent any remaining allegations in this paragraph require a response, Highmark denies those allegations.

47.     Because Dignity Health has not specified the claims that Highmark allegedly paid over the last five years, Highmark lacks sufficient knowledge or information to form a belief as to the truth of the averments stated in this paragraph, and therefore denies the same and demands strict proof thereof at trial. By way of further response, the appropriate amount of reimbursement to Dignity Health for any claim is governed by the patient's benefits plan, which speaks for itself as a written document. Highmark denies any attempt to mischaracterize the benefits plan, or draw impermissible legal conclusions from it. To the extent any remaining allegations in this paragraph require a response, Highmark denies those allegations.

48.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, Highmark denies the allegations.

49.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, Highmark denies the allegations.

50.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, Highmark denies the allegations. After reasonable investigation, Highmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding any purported promises "Horizon" made to its own members/beneficiaries, and therefore denies the same and demands strict proof thereof at trial. By way of further response, the allegations of this paragraph purport to reference a written document, which as whole, speaks for itself. Highmark denies any attempt to mischaracterize the written document, or draw impermissible legal conclusions from them. Moreover, the appropriate amount of reimbursement to Dignity Health for any claim is governed by the patient's benefits plan, which speaks for itself as a written document. Highmark denies any attempt to mischaracterize the benefits plan, or draw impermissible legal conclusions from it.

51.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, Highmark denies the allegations.

52.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, Highmark denies the allegations. By way of further response, the procedures for properly submitting claims are governed by written documents, which as whole, speak for themselves. Highmark denies any attempt to mischaracterize the written documents, or draw impermissible legal conclusions from them.

53.     After reasonable investigation, Highmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Dignity Health's information and belief, and therefore denies the same and demands strict proof thereof at trial. To the extent any remaining allegations in this paragraph require a response, Highmark denies those allegations.

54.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, Highmark denies the allegations. By way of further response, the procedures for properly submitting claims are governed by written documents, which as whole, speak for themselves. Highmark denies any attempt to mischaracterize the written documents, or draw impermissible legal conclusions from them.

55.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, Highmark denies the allegations. By way of further response, Highmark lacks sufficient knowledge or information to form a belief as to the truth of the averments pertaining to what Dignity Health considers to be "usual and customary," and therefore denies the same and demands strict proof thereof at trial. Moreover, the allegations of this paragraph purport to reference written documents, which as whole, speak for themselves. Highmark denies any attempt to mischaracterize the written documents, or draw impermissible legal conclusions from them. Additionally, the appropriate amount of reimbursement to Dignity Health for any claim is governed by the patient's benefits plan, which speaks for itself as a written document. Highmark denies any attempt to mischaracterize the benefits plan, or draw impermissible legal conclusions from it. Highmark denies that Dignity Health is entitled to relief.

56.     Admitted. By way of further response, the appropriate amount of reimbursement to Dignity Health for any claim is governed by the patient's benefits plan, which speaks for itself as a written document. Highmark denies any attempt to mischaracterize the benefits plan, or draw impermissible legal conclusions from it. Highmark denies that Dignity Health is entitled to relief.

57.     After reasonable investigation, Highmark lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Dignity Health performed services gratuitously, and therefore denies the same and demands strict proof thereof at

trial. By way of further response, Highmark lacks sufficient knowledge or information to form a belief as to the truth of the averments pertaining to what Dignity Health considers to be "reasonable and customary," and therefore denies the same and demands strict proof thereof at trial. Moreover, the appropriate amount of reimbursement to Dignity Health for any claim is governed by the patient's benefits plan, which speaks for itself as a written document. Highmark denies any attempt to mischaracterize the benefits plan, or draw impermissible legal conclusions from it. Highmark denies that Dignity Health is entitled to relief.

58.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, Highmark denies the allegations. By way of further response, the allegations of this paragraph purport to reference communications or written documents, which as whole, speak for themselves. Highmark denies any attempt to mischaracterize the communications or written documents, or draw impermissible legal conclusions from them. Additionally, the appropriate amount of reimbursement to Dignity Health for any claim is governed by the patient's benefits plan, which speaks for itself as a written document. Highmark denies any attempt to mischaracterize the benefits plan, or draw impermissible legal conclusions from it. To the extent any remaining allegations in this paragraph require a response, Highmark denies those allegations.

59.     The allegations of this paragraph are conclusions of law to which no response is required. To the extent that a response is required, Highmark denies the allegations. Highmark denies that Dignity Health is entitled to relief.

WHEREFORE, Defendant Highmark respectfully requests judgment in its favor and against Plaintiffs as to both counts asserted, that Highmark be awarded costs, and any further relief the Court feels is just and appropriate.

## AFFIRMATIVE DEFENSES

1.　　Dignity Health fails to plead sufficient facts to constitute a claim upon which relief can be granted.

2.　　Dignity Health lacks standing, in whole or in part, to assert the claims herein.

3.　　Dignity Health lacks standing by valid assignment to seek relief on behalf of benefit plan participants and beneficiaries based on the language of its purported assignments and/or on anti-assignment provisions that are contained in applicable benefit plans at issue.

4.　　Dignity Health's claims are barred, in whole or in part, because Highmark has complied with the terms of all applicable benefit plans.

5.　　Dignity Health's claims are barred to the extent that Highmark has paid all amounts owed under all applicable benefit plans.

6.　　Dignity Health's claims fail to the extent that it failed to timely submit benefit claims or appeals under the terms of the applicable benefit plans and/or failed to submit claims with information required under the terms of the applicable benefit plans.

7.　　Dignity Health's claims fail due to contractual exclusions and/or limitations on benefits and coverage as set forth in the applicable benefit plans, including but not limited to applicable allowed amounts, stated responsibilities of plan participants and beneficiaries, terms concerning medical necessity and coordination of benefits, and other terms.

8.　　Dignity Health's breach of implied-in-fact claim is barred by pleading the existence of express contract(s) covering the same subject matter as the purported implied-in-fact contract described in the First Amended Complaint.

9.　　Dignity Health may not recover to the extent it failed to submit proof of covered services under the applicable benefit plans.

10.     Dignity Health's claims are barred, in whole or in part, because Highmark processed the claims at issue consistent with industry standards and practices consistent with applicable statutory, regulatory, and contractual requirements.

11.     Dignity Health's claims are barred, in whole or in part, by its ratification of Highmark's conduct.

12.     Dignity Health's claims are preempted, in whole or in part, by federal law including but not limited to the Employee Retirement and Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq*.

13.     Dignity Health's claims are barred because it has failed to exhaust contractual, statutory, and/or regulatory prerequisites to filing suit.

14.     Dignity Health's claims are barred because it has failed to perform all conditions necessary to recover in this lawsuit.

15.     Dignity Health has not acted reasonably and in good faith with Highmark.

16.     Highmark has dealt reasonably and in good faith with Dignity Health.

17.     To the extent that it is determined that Dignity Health is entitled to damages (which Highmark expressly denies), Highmark asserts defenses of setoff, credit, offset, and recoupment.

18.     To the extent that it is determined that Dignity Health is entitled to damages (which Highmark expressly denies), said damages should be reduced by any amount attributable to Dignity Health's failure to mitigate damages.

19.     To the extent that it is determined that Dignity Health is entitled to damages (which Highmark expressly denies), Dignity Health's claims are subject to the doctrine of comparative fault and/or comparative bad faith.

20.     To the extent that it is determined that Dignity Health is entitled to damages (which Highmark expressly denies), Dignity Health is entitled to the reasonable value of the services provided, not its purported charge.

21.     Dignity Health's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

22.     Dignity Health's claims are barred, in whole or in part, by the doctrine of unclean hands.

23.     Dignity Health's claims are barred to the extent the benefit claims were not "clean claims" under applicable law when Dignity Health submitted them to Highmark.

24.     Highmark has fully performed its duties and obligations under all applicable contract(s).

25.     Highmark has fully performed its duties and obligations under all applicable statutory rules.

26.     Dignity Health is barred from recovery, in whole or in part, to the extent Dignity Health committed fraud.

27.     Dignity Health is barred from recovery, in whole or in part, to the extent there were material misrepresentations in claims Dignity Health submitted to Highmark.

28.     Dignity Health is barred from recovery, in whole or in part, to the extent there is a good faith dispute regarding the legitimacy of the amount of the claim.

29.     Highmark asserts and pleads any and all affirmative defenses as may be appropriate after facts are developed via discovery.

WHEREFORE, Defendant Highmark respectfully requests judgment in its favor and against Plaintiffs as to both counts asserted, that Highmark be awarded costs, and any further relief the Court feels is just and appropriate.

Respectfully submitted,

STRASSBURGER McKENNA GUTNICK
& GEFSKY

By:     /s/ Gerri L. Sperling
        Gerri L. Sperling
        Pa. ID No. 34603
        gsperling@smgglaw.com

        Patrick T. Sherry
        Pa. ID No. 328929
        psherry@smgglaw.com

        *Counsel for Highmark Inc.*